IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| MEINEKE CAR CARE CENTERS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:08cv240 |
| | ) | |
| RLB HOLDINGS, LLC, | ) | |
| JOE H. BAJJANI | ) | |
| A/K/A JOE BAJJANI, | ) | |
| AND MICHELLE G. BAJJANI | ) | |
| A/K/A MICHELLE BAJJANI | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**ANSWER, DEFENSES AND COUNTERCLAIM TO COMPLAINT**

Defendants RLB Holdings, LLC, Joe H. Bajjani a/k/a Joe Bajjani and Michelle G. Bajjani a/k/a Michelle Bajjani, and file their Answer, Defenses and Counterclaim to Complaint filed by Plaintiff Meineke Car Care Centers, Inc., as follows:

**FIRST DEFENSE**

The Complaint should be dismissed as to one or more Defendants as proper service of the Complaint on such Defendants is lacking.

**SECOND DEFENSE**

Jurisdiction and venue are not proper in this court under the principles enunciated by the U.S. Supreme Court in *The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (forum selection clause not valid if obtained through overwhelming bargaining power or if it is unreasonable or if it deprives a party of his day in court).*

### THIRD DEFENSE

Plaintiff's alleged damages are speculative and, as such, are not recoverable.

### FOURTH DEFENSE

The Complaint should be dismissed under principles of accord and satisfaction.

### FIFTH DEFENSE

The Complaint should be dismissed under principles of payment.

### SIXTH DEFENSE

The Complaint should be dismissed under principles of settlement.

### SEVENTH DEFENSE

The Complaint should be dismissed under principles of impossibility of performance.

### EIGHTH DEFENSE

Plaintiff has failed to join AEB Holding, LLC, a necessary and indispensable party.

### NINTH DEFENSE

Defendants reserve the right to assert any additional affirmative defenses as determined from any evidence discovered during the course of this litigation.

### TENTH DEFENSE

Defendants respond to the enumerated paragraphs in the Complaint as follows:

1.

On information and belief, Defendants admit the allegations in paragraph 1.

2.

Defendants admit the allegations in paragraph 2.

3.

Defendants deny the allegations in paragraph 3. Defendants aver that this case should be transferred to the federal court within the State of Georgia.

4.

Defendants deny that jurisdiction lies in this court for the reasons alleged in paragraph 4.

5.

Defendants deny that jurisdiction lies in this court for the reason alleged in paragraph 5.

6.

On information and belief, Defendants admit the allegations in paragraph 6.

7.

Defendants do not have sufficient information to admit or deny the allegations in paragraph 7.

8.

Defendants do not have sufficient information to admit or deny the allegations in paragraph 8.

9.

Defendants deny the allegations in paragraph 9 to the extent that it seeks to limit the parties' relationship solely to a franchise agreement.

10.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as referenced in paragraph 10, but Defendants deny

that the referenced agreement sets forth the existing or total relationship between the parties.

11.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as referenced in paragraph 11, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

12.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 12, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

13.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 13, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

14.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 14, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

15.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 15, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

16.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 16, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

17.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 17, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

18.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 18, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

19.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 19, but Defendants deny

that the referenced agreement sets forth the existing or total relationship between the parties.

20.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 20, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

21.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 21, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

22.

Defendants admit that Shop 1886, as defined in the Complaint, was sold and/or transferred to another limited liability company as alleged in paragraph 22, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

23.

Defendants admit that Shop 1886, as defined in the Complaint, was sold and/or transferred to another limited liability company as alleged in paragraph 23, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

24.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as alleged in paragraph 24, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

25.

On information and belief, Defendants admit that AEB, as defined in the Complaint, entered into franchise and related agreements with Plaintiff as alleged in paragraph 20, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

26.

To the extent that the allegations in paragraph 26 set forth a claim against Defendants, Defendants deny the same.

27.

Defendants contend that the franchise and related agreements between the parties speak for themselves, but to the extent that the allegations in paragraph 27 set forth a claim against Defendants, Defendants deny the same.

28.

Defendants contend that the franchise and related agreements between the parties speak for themselves, but to the extent that the allegations in paragraph 28 set forth a claim against Defendants, Defendants deny the same.

29.

Defendants contend that the franchise and related agreements between the parties speak for themselves, but to the extent that the allegations in paragraph 29 set forth a claim against Defendants, Defendants deny the same.

30.

Defendants do not have sufficient information to admit or deny the allegations in paragraph 30.

31.

Defendants deny the allegations in paragraph 31.

32.

Defendants contend that the franchise and related agreements between the parties speak for themselves, but to the extent that the allegations in paragraph 32 set forth a claim against Defendants, Defendants deny the same.

33.

Defendants admit receiving and sending correspondence, but Defendants deny the allegations in paragraph 33 establish a claim or cause of action.

34.

Defendants admit receiving and sending correspondence, but Defendants deny the allegations in paragraph 34 establish a claim or cause of action.

35.

Defendants admit receiving and sending correspondence, but Defendants deny the allegations in paragraph 35 establish a claim or cause of action.

36.

Defendants admit receiving and sending correspondence, but Defendants deny the allegations in paragraph 36 establish a claim or cause of action.

37.

Defendants admit receiving and sending correspondence, but Defendants deny the allegations in paragraph 37 establish a claim or cause of action.

38.

Defendants admit receiving and sending correspondence, but Defendants deny the allegations in paragraph 38 establish a claim or cause of action.

39.

Defendants deny the allegations in paragraph 39.

40.

Defendants admit receiving and sending correspondence, but Defendants deny the allegations in paragraph 40 establish a claim or cause of action.

41.

Defendants admit receiving and sending correspondence, but Defendants deny the allegations in paragraph 41 establish a claim or cause of action.

42.

Defendants admit receiving and sending correspondence, but Defendants deny the allegations in paragraph 42 establish a claim or cause of action.

43.

Defendants admit that Shop 1889, as defined in the Complaint closed, but Defendants deny the allegations in paragraph 37 establish a claim or cause of action.

44.

Defendants admit receiving and sending correspondence, but Defendants deny the allegations in paragraph 44 establish a claim or cause of action.

45.

Defendants contend that the franchise and related agreements between the parties speak for themselves, but to the extent that the allegations in paragraph 45 set forth a claim against Defendants, Defendants deny the same.

46.

Defendants deny the allegations in paragraph 46.

47.

Defendants restate their responses to paragraphs 1 through 46 as if they were fully set forth herein

48.

Defendants deny the allegations in paragraph 48.

49.

Defendants deny the allegations in paragraph 49.

50.

Defendants deny the allegations in paragraph 50.

51.

Defendants deny the allegations in paragraph 51.

52.

Defendants deny the allegations in paragraph 52.

10

53.

Defendants deny the allegations in paragraph 53.

54.

Defendants deny the allegations in paragraph 54.

55.

Defendants deny the allegations in paragraph 55.

56.

Defendants deny the allegations in paragraph 56.

57.

Defendants restate their responses to paragraphs 1 through 56 as if they were fully set forth herein

58.

Defendants admit that one or more of the Defendants have entered into franchise and related agreements with Plaintiff as referenced in paragraph 11, but Defendants deny that the referenced agreement sets forth the existing or total relationship between the parties.

59.

Defendants deny the allegations in paragraph 59.

60.

Defendants deny that Plaintiff is entitled to the relief requested in its prayer.

WHEREFORE, Defendants requests that the Complaint be dismissed with all costs cast on Plaintiff and for such additional relief as the Court deems just and proper.

# COUNTERCLAIM

Defendants RLB Holdings, LLC, Joe H. Bajjani a/k/a Joe Bajjani and Michelle G. Bajjani a/k/a Michelle Bajjani, without waiving any affirmative defense, file their Counterclaim against Plaintiff Meineke Car Care Centers, Inc., as follows:

1.

This Court has jurisdiction over this Counterclaim given the filing of the initial Complaint in this jurisdiction by Plaintiff.

2.

Defendants RLB Holdings, LLC and Joe H. Bajjani entered into franchise and related agreements with Plaintiff related to the opening and/or development of automotive repair shops under the logo "Meineke" in Woodstock, Georgia (Shop 1660), Duluth, Georgia (Shop 1661), Greenville, South Carolina (Shop 1886), and Woodstock, Georgia (Shop 1889).

3.

Shop 1886 was sold to AEB Holding, LLC, a South Carolina limited liability company, and Plaintiff subsequently entered into a separate franchise agreement with AEB Holding, LLC. Defendants' remaining Shops were closed due substantially to the acts of Plaintiff

4.

The franchise agreements of each of the Shops contained an acknowledgement by Plaintiff of its commitment to the common good of enhancing customer goodwill, strengthening the business and expanding the chain of Meineke Shops for the benefit of Defendants' Shops.

12

5.

Plaintiff also represented in the franchise agreements that it would respect the Defendants'. interest in the going-concern value of its Shops.

6.

Plaintiff also represented that it would provide local or regional support to assist franchisees with various problems and concerns.

7.

Plaintiff also represented that it recognized the value of advertising to enhance the goodwill/going-concern value and, accordingly, Plaintiff established a marketing and advertising fund to accomplish this goal. The franchise agreements set forth the specific manner in which Plaintiff would apply the marketing and advertising fund to accomplish this goal.

8.

Defendants regularly and timely contributed to the marketing and advertising fund in the amount required by Plaintiff.

9.

On information and belief, other franchisees of Plaintiff regularly and timely contributed to the marketing and advertising fund in the amount required by Plaintiff.

10.

Plaintiff failed to apply the marketing and advertising fund in the manner required by the franchise agreements and/or in the manner required to fulfill its commitment to enhance goodwill, strengthen the business and expand the Meineke chain, all to the detriment of Defendants' Shops.

13

11.

On various occasions, Defendants and other franchisees would question Plaintiff on its misuse or nonuse of the marketing and advertising funds and on its failure to provide a local or regional representative to provide support to its franchisees, as promised.

12.

On such occasions, Plaintiff failed to respond or to follow through as promised.

13.

Plaintiff's failures contributed substantially to the decline in goodwill and the going-concern value of Defendants' Shops.

14.

As a direct result of Plaintiff's failures, Defendants suffered substantial losses and damages.

## COUNT I

## BREACH OF CONTRACT

15.

Defendants incorporate and restate the averments contained in paragraphs 1 through 14 as if fully set forth herein.

16.

The franchise and related agreements of the companies required Plaintiff to perform its obligations in a proper and timely manner, to act in a manner consistent with the purpose of the franchise and related agreements.

14

17.

Defendants fulfilled all obligations imposed on them under the agreements.

18.

Plaintiff breached the agreements in one or more of the following ways, to wit:

(a) By failing to perform its obligations in a proper and timely manner.

(b) By failing to act in a manner consistent with the purpose of the agreements.

(c) By failing to use the marketing and advertising funds in the manner required by the franchise agreements and/or in the manner required to fulfill its commitment to enhance goodwill, strengthen the business and expand the Meineke chain, all to the detriment of Defendants' Shops.

(d) By failing to provide local or regional representatives to support its franchisees, including Defendants

19.

Based on the aforementioned conduct, Defendants are entitled to recover damages from Plaintiff, under this Count I in the amount to be determined at trial.

## COUNT II

## BREACH OF GOOD FAITH

20.

Defendants incorporate and restate the averments contained in paragraphs 1 through 19 as if fully set forth herein.

21.

As a franchisor under the franchise and related agreements, Plaintiff had a duty to act in good faith and to pursue fair dealings.

15

22.

Plaintiff breached its duty of good faith in one or more of the following ways, to wit:

(a) By failing to perform its obligations in a proper and timely manner.

(b) By failing to act in a manner consistent with the purpose of the agreements.

(c) By undermining the efforts of Defendants to abide by local laws and ordinances.

23.

Based on the aforementioned conduct, Defendants are entitled to recover damages from Plaintiff, under this Count II in the amount to be determined at trial.

## COUNT III

## ATTORNEY'S FEES

24.

Defendants incorporate and restate the averments contained in paragraphs 1 through 23 as if fully set forth herein.

25.

By the actions described above, Plaintiff has acted in bad faith, has been stubbornly litigious, and has caused Defendants unnecessary trouble and expense by forcing them to defend against the frivolous claims in the Complaint and to bring this Counterclaim.

26.

Defendants are entitled to recover their reasonable attorney's fees incurred in this action pursuant to applicable law and the terms of the franchise agreements.

16

WHEREFORE, Defendants pray for the following relief:

a. That Defendants be awarded damages against Plaintiff sustained as a result of Count I, for an amount to be determined at trial;

b. That Defendants be awarded damages against Plaintiff sustained as a result of Count II, for an amount to be determined at trial;

c. That Defendants be awarded all expenses incurred in this litigation, including reasonable attorney's fees under Count III;

d. That Defendants be awarded all cost of this action; and

e. That Defendants receive such other relief as the Court deems just, fair, and equitable.

This 29th day of May 2008.

                                           THE EASON LAW FIRM

                                           s/Rodney L. Eason
                                           Rodney L. Eason
                                           Georgia Bar No. 237485
                                           Charles D. Hodges
                                           Georgia Bar No. 358758

                                           6150 Old National Highway
                                           College Park, Georgia 30349
                                           (770) 909-7200
                                           (770) 909-0644-fax

                                           HANDS LAW OFFICE, PLLC

                                           s/Tyyawdi M. Baker
                                           Tyyawdi M. Baker
                                           North Carolina Bar No. 26429

                                           3558 N. Davidson St.
                                           Charlotte, NC 28205
                                           (704) 248-7976
                                           (704) 248-2866-fax

                                           *Attorneys for Defendants*

# CERTIFICATE OF SERVICE

This is to certify that I have this date served a copy of Defendants' ANSWER, DEFENSES AND COUNTERCLAIM TO COMPLAINT by mailing a copy of same with sufficient postage affixed thereon to ensure delivery addressed to all interested parties as follows:

>Amy K. Reynolds, Deputy General Counsel
>Meineke Car Care Centers, Inc.
>First Citizens Bank Plaza
>128 South Tryon Street, Suite 900
>Charlotte, North Carolina 28202

This 29th day of May 2008.

THE EASON LAW FIRM

s/Rodney L. Eason____
Rodney L. Eason
Georgia Bar No. 237485
Charles D. Hodges
Georgia Bar No. 358758

6150 Old National Highway
College Park, Georgia 30349
(770) 909-7200
(770) 909-0644-fax


HANDS LAW OFFICE, PLLC

s/Tyyawdi M. Baker___
Tyyawdi M. Baker
North Carolina Bar No. 26429

3558 N. Davidson St.
Charlotte, NC 28205
(704) 248-7976
(704) 248-2866-fax

*Attorneys for Defendants*