IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:08-cv-240

| | | |
|---|---|---|
| MEINEKE CAR CARE CENTERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | PLAINTIFF'S REPLY TO |
| | ) | DEFENDANTS' COUNTERCLAIM |
| RLB HOLDINGS, LLC, | ) | |
| JOE E. BAJJANI | ) | |
| A/K/A JOE BAJJANI, | ) | |
| AND MICHELLE G. BAJJANI | ) | |
| A/K/A MICHELLE BAJJANI, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Meineke Car Care Centers, Inc. (hereinafter referred to as "Meineke"), replies to Defendants' Counterclaims as follows:

### FIRST DEFENSE

Defendants' Counterclaims fail to state any claim upon which relief can be granted against Meineke.

### SECOND DEFENSE

Defendants' Counterclaims fail to the extent that Defendants failed to mitigate their alleged damages.

### THIRD DEFENSE

Defendants' Counterclaims are barred by the doctrine of laches, unclean hands and/or consent.

### FOURTH DEFENSE

Defendants have waived or should be estopped from asserting some or all of their Counterclaims.

## FIFTH DEFENSE

Defendants' Counterclaims are or may be barred by the applicable statutes of limitations.

## SIXTH DEFENSE

Some or all of Defendants' counterclaims are barred by the doctrine of release.

## SEVENTH DEFENSE

Defendants' Counterclaims are barred because any damages they have allegedly suffered are due to their own conduct and failure to take appropriate actions regarding their businesses.

## EIGHTH DEFENSE

Defendants' claimed damages are completely or partially barred by damages limitations contained in the Franchise and Trademark Agreements they executed with Meineke.

## NINTH DEFENSE

Meineke, specifically replying to the allegations in the numbered Paragraphs of the Counterclaim, states:

1. With regard to the allegations contained in Paragraph 1 of the Counterclaim, Meineke admits that Defendants seek to invoke this Court's jurisdiction. Meineke denies the remaining allegations contained in Paragraph 1 of the Counterclaim.

2. With regard to the allegations contained in Paragraph 2 of the Counterclaim, Meineke admits that Defendants RLB Holdings, LLC and Joe H. Bajjani were franchisees of Meineke pursuant to franchise and trademark agreements to operate automotive repair shops in Woodstock, Georgia (Shop No. 1660), Duluth, Georgia (Shop

No. 1661), Greenville, South Carolina (Shop No. 1886) and Woodstock, Georgia (Shop No. 1889). Meineke denies the remaining allegations contained in Paragraph 2 of the Counterclaim.

3. With regard to the allegations contained in Paragraph 3 of the Counterclaim, Meineke admits that Shop No. 1886 was transferred to AEB Holding LLC, a South Carolina limited liability company, and that Meineke entered into a Franchise and Trademark Agreement with AEB Holding LLC. Meineke denies the remaining allegations contained in Paragraph 3 of the Counterclaim.

4. With regard to the allegations contained in Paragraph 4 of the Counterclaim, Meineke admits that Defendants have correctly stated some of the language contained in Article 1.2 of its Franchise and Trademark Agreement but Meineke avers that Defendants have misstated other language contained in Article 1.2 and that the language of Article 1.2 speaks for itself.

5. With regard to the allegations contained in Paragraph 5 of the Counterclaim, Meineke avers that the language of the Meineke Franchise and Trademark Agreements to which Defendants were parties speak for themselves.

6. With regard to the allegations contained in Paragraph 6 of the Counterclaim, Meineke avers that the language of the Meineke Franchise and Trademark Agreements to which Defendants were parties speak for themselves.

7. With regard to the allegations contained in Paragraph 7 of the Counterclaim, Meineke avers that the language of the Meineke Franchise and Trademark Agreements to which Defendants were parties speak for themselves.

8. Meineke denies the allegations contained in Paragraph 8 of the Counterclaim.

9. With regard to the allegations contained in Paragraph 9 of the Counterclaim, Meineke admits that it has franchisees who timely submit their weekly contributions to the Meineke Advertising Fund. Meineke denies the remaining allegations contained in Paragraph 9 of the Counterclaim.

10. Meineke denies the allegations contained in Paragraph 10 of the Counterclaim.

11. With regard to the allegations of Paragraph 11 of the Counterclaim, Meineke admits that it may have had conversations with Defendants regarding advertising funds and operations managers. Meineke denies the remaining allegations contained in Paragraph 11 of the Counterclaim.

12. Meineke denies the allegations contained in Paragraph 12 of the Counterclaim.

13. Meineke denies the allegations contained in Paragraph 13 of the Counterclaim.

14. Meineke denies the allegations contained in Paragraph 14 of the Counterclaim.

15. Meineke incorporates by reference its responses to the allegations contained in Paragraphs 1 through 14 above.

16. With regard to the allegations contained in Paragraph 16 of the Counterclaim, Meineke avers that the Franchise and Trademark Agreements and any other agreements to which Defendants were parties speak for themselves.

17. Meineke denies the allegations contained in Paragraph 17 of the Counterclaim.

18. Meineke denies the allegations contained in Paragraph 18 and its subparagraphs (a) through (d) of the Counterclaim.

19. Meineke denies the allegations contained in Paragraph 19 of the Counterclaim.

20. Meineke incorporates by reference its responses to the allegations contained in Paragraphs 1 through 19 above.

21. With regard to the allegations contained in Paragraph 21 of the Counterclaim, Meineke admits that all parties to a contract are expected to act in good faith. Meineke denies the remaining allegations contained in Paragraph 21 of the Counterclaim.

22. Meineke denies the allegations contained in Paragraph 22 and its subparagraphs (a) through (c) of the Counterclaim.

23. Meineke denies the allegations contained in Paragraph 23 of the Counterclaim.

24. Meineke incorporates by reference its responses to the allegations contained in Paragraphs 1 through 23 above.

25. Meineke denies the allegations contained in Paragraph 25 of the Counterclaim.

26. Meineke denies the allegations contained in Paragraph 26 of the Counterclaim.

27. Meineke denies that Defendants are entitled to any relief in this action as pleaded in their prayer for relief or otherwise.

28. Meineke denies each and every allegation of the Counterclaim not expressly admitted herein.

WHEREFORE, Meineke prays:

1. That the Court dismiss all claims set forth in Defendants' Counterclaim and that Defendants have and recover nothing from Meineke;

2. That Meineke have and be awarded all costs and fees in this action, including but not limited to attorneys' fees; and

3. That the Court award Meineke such other and further relief as the Court deems just and proper.

Respectfully submitted this the 23rd day of June, 2008.

s/ Amy K. Reynolds
N.C. State Bar No. 21266
Attorney for Plaintiff
Meineke Car Care Centers, Inc.
128 South Tryon Street, Suite 900
Charlotte, NC 28202
Telephone: (704) 644-8144
Fax: (704) 358-4706
E-mail: amy.reynolds@meineke.com

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Reply to Defendants' Counterclaim was served electronically through the Electronic Case Filing System upon counsel for Defendants, Rodney Lenelle Eason and Charles Dewayne Hodges.

I hereby certify that a true and correct copy of the foregoing Plaintiff's Reply to Defendants' Counterclaim and the Notice of Electronic Filing were served this day upon counsel for Defendants, Tyyawdi M. Baker, by Certified Mail, Return Receipt Requested, addressed as follows:

> Tyyawdi M. Baker, Esq.
> Hands Law Office, PLLC
> 3558 N. Davidson Street
> Charlotte, NC 28205

This the 23rd day of June 2008.

> s/ Amy K. Reynolds
> N.C. State Bar No. 21266
> Attorney for Plaintiff
> Meineke Car Care Centers, Inc.
> 128 South Tryon Street, Suite 900
> Charlotte, NC 28202
> Telephone: (704) 644-8144
> Fax: (704) 358-4706
> E-mail: amy.reynolds@meineke.com

H:\Dept\CASE\STATE\BAJJANI\Reply to Counterclaim.doc