UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv240-RJC-DSC

| | |
|---|---|
| MEINEKE CAR CARE CENTERS, INC., )<br>Plaintiff, )<br>)<br>v. )<br>)<br>RLB HOLDINGS, LLC, JOE H. )<br>BAJJANI, & MICHELLE G. BAJJANI )<br>A/K/A MICHELLE BAJJANI, )<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court on plaintiff Meineke Car Care Centers Inc.'s ("Meineke") Motion for Vacatur (Doc. No. 52). The Court has reviewed the motion and the memorandum of law in support. For the reasons set forth below, the Court will **DENY** the motion.

## I. BACKGROUND

On August 7, 2009, this Court granted Meineke's motion for summary judgment on all claims except for its motion for future damages, and it granted defendants' motion for summary judgment on Meineke's future damages claim. Meineke appealed this Court's judgment regarding the future damages issue. It now seeks an order vacating the August 7, 2009 Order.

## II. LEGAL STANDARD

Meineke seeks vacatur of the Court's summary judgment Order under Fed. R. Civ. P. 60(b)(5). It rests this motion on the ground that the parties have reached a settlement agreement contingent upon this Court vacating its Order.

There is a general presumption against vacatur. See Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 118 (4th Cir. 2000). The central consideration in determining whether to grant the "extraordinary" relief of vacatur is "whether the party seeking relief from the judgment . . . caused

the mootness by voluntary action." U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 24, 26 (1994). "The mere fact that a settlement is conditioned on vacatur falls 'far short of overcoming the general presumption against vacatur.'" Tustin v. Motorists Mut. Ins. Co., ___ F. Supp. 2d ___, 2009 WL 3785757, at *5 (N.D.W.Va. Nov. 10, 2009) (quoting Neumann v. Prudential Ins. Co. of America, 398 F. Supp. 2d 489, 492 (E.D.Va. 2005)). A district court may vacate an existing judgment where relative fault and the public interest weigh in favor of vacatur. Valero, 211 F.3d at 118. Further, a district court may grant vacatur where "exceptional circumstances" exist. Id.

Meineke argues that exceptional circumstances warrant vacatur in this case. It first argues that the procedural context of this case is unique because the parties have reached a settlement agreement while the case is on appeal. Meineke contends that it will be forced to continue to pursue the appeal if the Court does not grant vacatur, since the decision allegedly has "far-reaching negative implications on its ability to effectively govern its franchise system." While Meineke may find the decision unfavorable, its conditioning settlement on vacatur of the decision is not an exceptional circumstance. "[E]xceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur – which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations" weighing against post-judgment vacatur. U.S. Bancorp, 513 U.S. at 29.

Meineke next argues that its status as a "repeat litigator" in the Western District of North Carolina constitutes an exceptional circumstance. Its Franchise and Trademark Agreement includes a forum selection clause that specifies litigation initiated by Meineke against its franchisees shall be brought in this District. Meineke contends that the Court's prior decision foreclosing future damages "impacts Meineke's ability to recover such damages in future cases." Meineke further argues that

2

if a similar fact-scenario presents itself and Meineke sues another franchisee for future damages over a similar matter, "Meineke will conceivably be precluded from such recovery by this Court's August 7, 2009 decision." Meineke fails to show how litigating its claims in this District is an exceptional circumstance warranting vacatur. The individual district judges of this District are bound by Fourth Circuit and Supreme Court precedent, not the orders of other district judges, and thus preclusion is not a reality.[1]

Meineke's final two arguments also fail. Without citing a single case for the premise, Meineke finds exceptional the fact that the summary judgment Order is not published in a bound volume of the federal reporter. It argues that since the Order is unpublished, the public will not be deprived of a previously binding published decision. The vast majority of this Court's orders are not published in a bound volume of the federal reporter. Such an occurrence is not an exceptional circumstance warranting vacatur. Finally, Meineke contends that since the recovery of future damages is a state-law issue, exceptional circumstances exist. In support of this premise, it cites only a per curiam opinion from the Second Circuit where the court granted vacatur of the district court's decision and mentioned in dicta that "a federal court interpretive opinion" on the state-law statute at issue was "perhaps dispensable." See Microsoft Corp. v. Bristol Technology, Inc., 250 F.3d 152, 155 (2d Cir. 2001). Federal courts hear countless state-law claims on a daily basis as a product of diversity jurisdiction. A federal court deciding a state-law claim and interpreting state law is not an exceptional circumstance warranting vacatur.

---

[1] Further, even if the issue were foreclosed in future cases, this would not be an exceptional circumstance. Rather, it would be a natural function of stare decisis, which is the rule of the law rather than some unique scenario.

Indeed, the Court's Order was hardly exceptional. As noted in the Court's August 7 Order, two other judges in this district had rule similarly regarding Meineke's claim for future damages. (Doc. No. 39 at 7-8).

The Court does not wish to discourage the parties from settling this case. However, they may settle the case without this Court vacating its prior judgment. Meineke has failed to rebut the presumption against vacatur.

**IT IS, THEREFORE, ORDERED** that Meineke's Motion to Vacate (Doc. No. 52) is **DENIED**.

Signed: January 7, 2010

Robert J. Conrad, Jr.
Chief United States District Judge