UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv240-RJC-DSC

| MEINEKE CAR CARE CENTERS, INC., | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| RLB HOLDINGS, LLC, JOE E. BAJJANI A/K/A JOE BAJJANI, & MICHELLE G. BAJJANI A/K/A MICHELLE BAJJANI, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the defendants' motion for attorneys' fees (Doc. No. 40), the plaintiff's motion for attorneys' fees (Doc. No. 41), and the related briefs (Doc. Nos. 42, 43, 47, & 48). For the reasons stated below, the Court will **DENY** the defendants' motion and **GRANT** the plaintiff's motion.

## I. BACKGROUND

On August 7, 2009, this Court granted Meineke's motion for summary judgment on all claims except for its motion for future damages, and it granted the defendants' motion for summary judgment on Meineke's future damages claim. Meineke appealed this Court's judgment regarding the future damages issue, and it later sought to have this Court vacate its summary judgment Order as a part of the parties' proposed settlement. The Court denied that motion to vacate. The only remaining motions at issue are the plaintiff's and the defendants' respective motions for attorneys' fees.

## II. LEGAL STANDARD

"The jurisprudence of North Carolina traditionally has frowned upon contractual obligations for attorney[s'] fees as part of the costs of an action." Hicks v. Albertson, 200 S.E.2d 40, 42 (N.C. (1973). Thus, North Carolina law requires express statutory authorization for a party to recover attorneys' fees. See Baxley v. Jackson, 634 S.E.2d 905, 908 (N.C. Ct. App. 2006) ("It is settled law in North Carolina that ordinarily attorneys' fees are not recoverable either as an item of damages or of costs, absent statutory authority for fixing and awarding them."). As the North Carolina Supreme Court has stated, "in the absence of statutory authority therefor, a court may not include an allowance of attorneys' fees as part of the cost recoverable by the successful party to an action or proceeding." Hicks, 200 S.E.2d at 42. Thus, even where parties have contractually agreed to a prevailing party receiving attorneys' fees, such an award may not be granted absent statutory authorization. Harborgate Property Owners Ass'n, Inc. v. Mountain Lake Shores Dev. Corp., 551 S.E.2d 207, 212 (N.C. Ct. App. 2001).

## III. DISCUSSION

Meineke's Franchise and Trademark Agreements ("Franchise Agreements") contain an attorneys' fees provision. The fees provision of the Franchise Agreements states, "The party who prevails in any arbitration or judicial proceeding will be awarded its costs and expenses incurred in connection with such proceedings, including reasonable attorneys' fees." Franchise Agreements, Article 17.6.

### A. The defendants' motion for attorneys' fees

The defendants contend they are entitled to attorneys' fees regarding Meineke's future damages claim. The defendants argue that because the Court granted its motion for summary judgment as to this

claim, Section 17.6 of the Franchise Agreements authorizes an award of reasonable attorneys' fees. They further argue that N.C. Gen. Stat. § 6-21.5 provides the statutory authorization necessary for such recovery.

The defendants are not entitled to attorneys' fees because the award is not authorized by statute.[1] N.C. Gen. Stat. § 6-21.5 states that a court can award a prevailing party reasonable attorneys' fees "if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." However, "a party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney[s'] fees." Id.

While this Court ruled against Meineke's future damages claim, the Court fails to find that the future damages claim represented a "complete absence of a justiciable issue." N.C. Gen. Stat. § 6-21.5. Therefore, N.C. Gen. Stat. § 6-21.5 does not authorize an award of attorneys' fees to the defendants. The defendants' motion will be denied.

### B. The plaintiff's motion for attorneys' fees

The plaintiff contends that it is entitled to attorneys' fees under N.C. Gen. Stat. § 6-21.2. This statute authorizes an award of attorneys' fees as a percentage of the outstanding debt owed under a note, contract, or other evidence of indebtedness. The plaintiff contends that Article 15.1 of the Franchise Agreements serves as an evidence of indebtedness under § 6-21.2.

Article 15.1 of the Franchise Agreements states:

---

[1] The Court thus need not address whether the defendants, in prevailing only on the future damages issue, are a "prevailing party" under the contract.

> You agree to pay us and our Affiliates immediately upon termination or expiration (without grant of a successor franchise) of this Agreement, all royalties, MAF payments, amounts owed for purchases from us or our Affiliates, interest due on any of the foregoing and all other amounts owed to us or our Affiliates which are then unpaid.

Meineke argues that this provision establishes its entitlement to recover for the defendants' past due and unpaid advertising contributions and royalties, and thus serves as evidence of the defendants' indebtedness. The defendants argue that this provision is insufficient to serve as an evidence of indebtedness under the statute.

The North Carolina Supreme Court has defined "evidence of indebtedness" as "any printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money . . . ." Enterprises, Inc. v. Equipment Co., 266 S.E.2d 812, 817 (N.C. 1976) (citation omitted). The defendants signed the Franchise Agreements, satisfying the execution element. The question, then, is whether Article 15.1 "evidences on its face a legally enforceable obligation to pay money ." See id.

The plaintiff relies on Southland Amusements and Vending, Inc. v. Rourk, 545 S.E.2d 254 (N.C. App. 2001), in support of its motion. In Southland, the parties entered into a business arrangement in which the plaintiff would place amusement game machines in the business of the defendant. Id. The contract set forth the following:

> If [defendant] breaches any provision of this Agreement, then [plaintiff] shall be entitled to recover as damages all of the profits which it would have otherwise earned during the term remaining . . . . If legal action shall be instituted by [plaintiff] to enforce the terms or conditions contained herein, then [plaintiff] shall be entitled to recover from [defendant] the reasonable attorney's fees and costs incurred.

4

Id. In holding this provision was evidence of indebtedness, the court simply stated that (1) this provision was a legally enforceable obligation to pay money, and (2) the contract was signed by the defendant. Id. at 258. The court "[did] not believe it [could] be disputed" that such a provision met the Supreme Court's definition of evidence of indebtedness. Id. at 258.

The defendants argue that because an award of attorneys' fees has traditionally been frowned upon by North Carolina courts, this Court should not construe Southland outside its specific context. They contend that since there is no provision in the Franchise Agreements that "provides that franchisees such as Defendants are liable to Meineke for damages in the event a court finds that such agreements were breached," Southland is inapplicable. (Doc. No. 43 at 1).

The Court finds that Article 15.1 of the Franchise Agreements is evidence of indebtedness under the North Carolina law. Southland merely applied the North Carolina Supreme Court's definition of evidence of indebtedness to the facts at issue, rather than limiting that definition to the isolated facts of that case. The provision at issue in Southland simply set forth that if the defendant in that action were to breach, then the plaintiff would be entitled to recover as damages the profits it would have earned for the relevant term. Here, the provision at issue strikes the Court as an even more certain evidence of indebtedness than the lost profits provision in Southland. The Franchise Agreements simply sets forth in Article 15.1 that the defendants would pay all amounts due upon termination of their Franchise Agreements. This provision "evidences on its face a legally enforceable obligation to pay money," and the Franchise Agreements are thus evidence of indebtedness under N.C. Gen. Stat. § 6-21.2.[2] Enterprises, 266 S.E.2d at 817. Because

---

[2] The Court does not address Meineke's contention that Articles 3.2 and 3.4 of the Franchise Agreements also serve as evidence of indebtedness.

the Franchise Agreements contain an attorneys' fees provision (Section 17.6) and are signed by the defendants, the Court will grant Meineke's motion.

IV. **CONCLUSION**

    **IT IS, THEREFORE, ORDERED** that:

1.     the defendants' motion for attorneys' fees (Doc. No. 40) is **DENIED**; and

2.     the plaintiff's motion for attorneys' fees (Doc. No. 41) is **GRANTED**; and

3.     the defendants are liable to the plaintiff for $3,261.52, which is equal to fifteen percent of the $21,743.47 outstanding debt owed.

    **SO ORDERED.**

    Signed: March 18, 2010

Robert J. Conrad, Jr.
Chief United States District Judge